# EXHIBIT 1

Ryan Milun (Bar No. 043412006)
**THE MILUN LAW FIRM, LLC**
20 Commerce Drive, Suite 135
Cranford, New Jersey 07016
Phone: 862-702-5010, ext. 1001
ryan.milun@milunlaw.com

*Attorneys for Plaintiff*

**SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BURLINGTON COUNTY**

| | |
|---|---|
| SARABJIT SINGH,<br><br>        *Plaintiff,*<br><br>v.<br><br>EXXON MOBIL CORPORATION<br><br>        *Defendant.* | Docket No.:<br><br>*Civil Action*<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Sarabjit Singh, with a business address located at 251 State Hwy 130, Bordentown, New Jersey, for his complaint against defendant Exxon Mobil Corporation, with its headquarters at 22777 Springwoods Village Parkway, Spring, Texas 77389, states:

**STATEMENT OF THE CASE**

1. This is a civil action to compel Defendant, Exxon Mobil Corporation ("Exxon") to fully investigate, remediate, and/or to pay for the investigation and remediation of the hazardous substances discharged at and from the former ExxonMobil gas station located at 251 State Hwy. Rt. 130, Bordentown, New Jersey (the "Subject Property")

2. Exxon is a former owners/operators of the Subject Property, which historically was a retail gas/service station that contained numerous underground storage tanks ("USTs") that have leaked or otherwise exposed the environment to contaminants for a period of at least three decades.

3. Soil and groundwater sampling demonstrates that the Site has been contaminated with hazardous substances since at least 1991 and most likely for many years prior to that date.

4. Pursuant to historical correspondence, reports, sampling, and notifications from the New Jersey Department of Environmental Protection ("NJDEP"), the Subject Property is contaminated with benzene, ethylbenzene, xylenes, MTBE, methylene chloride, arsenic, beryllium, nickel, cadmium, and various other Petroleum Volatile Organic Compounds ("VOCs") all of which were or are at levels that exceed the applicable NJDEP standards, and thus require investigation and remediation.

5. It is further believed that the various contaminants and hazardous substances noted above, have impacted the groundwater and have migrated from the Subject Property to surrounding properties.

6. Exposure to the various hazardous substances noted above, poses a danger to human health, including damage to the liver, kidneys, central nervous system, and eyes, and the surrounding environment.

7. By this action, plaintiff is seeking to compel Exxon to investigate and remediate the discharges of hazardous substances that continue to exist at the Subject Property and pose an ongoing threat to human health and to otherwise comply with and recover relief available under the New Jersey Spill Compensation and Control Act ("Spill Act"), N.J.S.A. 58:10-23.11 to -23.24, the Site Remediation Reform Act, N.J.S.A. 58:10C-1 to -29 ("SRRA"), and their applicable regulations.

## THE PARTIES

8. Plaintiff Sarabjit Singh, with a business address located at 251 State Hwy 130, Bordentown, New Jersey, is the current owner of the Subject Property and is seeking contribution

to the remedial investigation and cleanup of the property from potentially responsible parties, as permitted under the New Jersey Spill Act.

9. Defendant Exxon Mobil Corporation ("Exxon"), and/or its predecessors in interest were former owners of the subject property and potentially responsible parties under the New Jersey Spill Act due to their improper discharge of hazardous substances on the Subject Property.

**GENERAL ALLEGATIONS**

10. The site was formerly operated by Standard Oil Company (a predecessor of Exxon), Humble Oil & Refining Company (a predecessor of Exxon), and Exxon Oil Company.

11. The site was consistently operated as a retail gasoline/service station and automotive repair facility since approximately 1930.

12. Exxon sold the property in around 1997, and the property has since been sold to Singh, who is the current owner of the Subject Property.

13. The site continues to be operated as a retail Exxon-branded service station at the Subject Property.

14. During Exxon's ownership, there were numerous discharges of hazardous substances that caused contamination to both the soil and the groundwater on the Subject Property.

15. In addition, on information and belief, the contamination caused by Exxon has migrated offsite and therefore poses a risk to the health and safety of the owners of neighboring properties.

16. For years, Exxon has been engaged in remedial activities at the Subject Property, including the removal of several Underground Storage Tanks (among other investigation and remediation) but, to date, has been unable to bring the Subject Property into compliance with NJDEP guidelines and regulations.

17. Since becoming the owner of the property, Singh has sought to hold Exxon responsible to perform the necessary investigation and remediation of the contamination that was caused by Exxon's ownership and operation of the Subject Property as a retail service station. Singh has also sought to require Exxon to pay for the performance of the necessary investigation and remediation on site, including for all necessary remediation in the future.

18. To date, however, there remains significant remedial investigations and remedial work that needs to be performed in order to bring the Subject Property into compliance with the NJDEP regulations and guidelines.

19. Singh contends that Exxon is responsible for any remaining remediation necessary at the Subject Property due to contamination caused by Exxon's previous operations, including previous remediation activities.

20. Over the past several years, Singh and Exxon have engaged in lengthy negotiations in an effort to agree upon the necessary scope of remediation, the cost of the remediation, as well as the payment for the remediation.

21. To date, the parties have been unable to come to an agreement on the scope, cost, and payment for the remediation and accordingly, the property remains in an unremediated state.

22. Unable to agree on the necessary scope of remediation, and with little progress being made on the Subject Property, Singh is now bringing this action to hold Exxon responsible for the necessary remediation and to compel Exxon to perform the remediation as required by the NJDEP guidelines and regulations.

## COUNT I
### Violation of the Spill Act

23. Plaintiffs incorporate each of the preceding paragraphs as if set forth fully herein.

24. Any person who discharges a hazardous substance, or is in any way responsible for

any hazardous substance, shall be liable, jointly and severally, without regard to fault, for all cleanup and removal costs no matter by whom incurred, N.J.S.A. 58:10-23.11g.c.(1)

25. Exxon is a "person" within the meaning of N.J.S.A. 58:10-23.11b.

26. Exxon is a discharger and a person in any way responsible for the contamination and hazardous substances on site, as the operator of the retail service station located at the Subject Property, which included the operation of several Underground Storage Tanks.

27. Hazardous substances were discharged on site during Exxon's ownership and operation of the property, and Exxon is therefore responsible under the New Jersey Spill Act, jointly and severally, without regard to fault, for all cleanup and removal costs no matter by whom incurred. N.J.S.A. 58:10-23.11g.c.(1).

28. Exxon is also responsible for conducting the necessary remediation at the Subject Property. N.J.A.C. 7:26C-1.3.

29. To date, Exxon has failed to complete the necessary remediation at the Subject Property in violation of the New Jersey Spill Act.

30. Accordingly, by this action, Singh is seeking to compel Exxon to perform and pay for the necessary remediation.

**WHEREFORE**, Singh demands judgment against Exxon for its violation of the Spill Act and requests that this Court:

a. Enter an order compelling Defendants to remediate the Contaminated Site in conformance with the SRRA, N.J.S.A. 58:10C-1 to -29, and all other applicable laws and regulations;
b. Find Exxon liable, without regard to fault, for all cleanup and removal costs incurred and to be incurred as a result of the discharge of hazardous substances at and from the Site;
c. Compensatory and consequential damages;
d. Attorneys fees and costs incurred in this action;
e. Award such other relief as the Court finds necessary and proper; and

## COUNT II
### Negligence

31. Plaintiffs incorporate each of the preceding paragraphs as if set forth fully herein.

32. Exxon had a duty to maintain proper control of the petroleum products and chemicals used on the Subject Property during the course of their operation of the Subject Property as a retail service station.

33. Specifically, Exxon had a duty to prevent spills, discharges, releases, and/or to ensure that the use of the chemicals and petroleum products on site, were not improperly released into the soil and groundwater on site.

34. Defendants breached their duty by causing or allowing the discharge of hazardous substances, including benzene, ethylbenzene, xylenes, MTBE, methylene chloride, arsenic, beryllium, nickel, cadmium, and various other Petroleum Volatile Organic Compounds ("VOCs") all of which were or are at levels that exceed the applicable NJDEP standards.

35. Exxon's conduct has resulted in contamination on site that must be remediated in order to bring the Subject Property into compliance with the NJDEP guidelines and regulations.

36. As a former property owner and operator, Exxon is responsible for the necessary cleanup costs, and should Exxon fail or refuse to perform the necessary investigation and remediation, Singh, as the current property owner, may be forced to incur the costs that Exxon is required to incur.

37. Exxon's failure and refusal to complete the necessary investigation and remediation on site is the direct and proximate cause of Singh's damages.

**WHEREFORE**, Singh demands judgment against Exxon on this Second Count of the Complaint as follows:

a. Compensatory damages;

    b. Consequential and incidental damages
    c. Pre-judgment interest;
    d. Attorneys fees and other costs as allowable by Statute and/or the Court Rules;
    e. Such other relief as the Court deems just and proper.

## COUNT III
### Spill Act Contribution

38. Plaintiffs incorporate each of the preceding paragraphs as if set forth fully herein.

39. Then Spill Act prohibits the discharge of hazardous substances into the waters or on the lands of the State of New Jersey and provides in pertinent part that: "Any person who has discharged a hazardous substance or is in any way responsible for any hazardous substance, shall be strictly liable, jointly and severally, without regard to fault for all cleanup and removal costs no matter by whom incurred." N.J.S.A. 58:10-23.11g(c)(1).

40. The Spill Act defines person to include corporations, partnerships, and individuals. N.J.S.A. 58:10-23.11b

41. The Spill Act, N.J.S.A. 58:10-23.1lf(a)(2), provides in pertinent part: Whenever one or more dischargers or persons cleans up and removes a discharge of a hazardous substance, those dischargers and persons shall have a right of contribution against all other dischargers and persons in any way responsible for a discharged hazardous substance or other persons who are liable for the cost of the cleanup and removal of that discharge of a hazardous substance.

42. Singh has incurred and will continue to incur "cleanup and removal costs" within the meaning of the Spill Act, in connection with the investigation and remediation of the hazardous substances that have been discharged at the property by Exxon.

43. Pursuant to the Spill Act, as an the owner of the Site when a discharge took place, Exxon is an operator, discharger and/or "a person in any way responsible" for the discharges of hazardous substances discharged on the Property and is liable in contribution to Singh.

**WHEREFORE**, Singh demands judgment against Exxon on this Third Count of the Complaint, as follows:

a. Declaring that Exxon violated the Spill Act and as a result is liable to Singh for contribution under the Spill Act pursuant to N.J.S.A. 58:10-11f(a)(2);
b. Entry by this Court of a judgment declaring that Exxon are each a responsible party under the Spill Act, and must comply with the requirements of the Spill Act;
c. Entry by this Court of a judgment against Exxon, pursuant to the Spill Act, finding that Exxon is liable to Singh in contribution for all costs and damages that Singh has incurred or will incur, in connection with the cleanup and/or removal of hazardous substances from the Site and surrounding environment and/or for liability to Singh for Singh's costs and expenses of investigating and remediating the contamination of the Subject Property and surrounding environment;
d. Awarding Singh attorneys fees and costs;
e. Awarding compensatory and consequential damages;
f. Such other relief as the Court deems just and proper.

## COUNT IV
### Declaratory Judgment

44. Plaintiffs incorporate each of the preceding paragraphs as if set forth fully herein.

45. An actual, substantial and justiciable controversy exists between Singh and Exxon regarding their respective rights and obligations for costs that have been incurred, and will continue to be incurred, to investigate and remediate the contamination of the Subject Property and surrounding environment.

46. Plaintiff seeks a declaratory judgment against Eisenberg and Bob's pursuant to the New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-50 et. seq., holding Defendants Eisenberg and Bob's strictly liable for all response costs and damages incurred or to be incurred at the Subject Property and/or holding Exxon liable for their equitable fair share of the costs incurred or to be incurred at the Site.

47. Singh also seeks this judgment to be binding in any subsequent action to recover further costs or damages.

WHEREFORE, Singh demands judgment against Exxon on this Fourth Count of the

Page **8** of **12**

Complaint, as follows:

a. Entry by this Court of an Order declaring that Exxon is liable to Singh for all costs incurred, or to be incurred, in connection with the cleanup and/or removal of hazardous substances from the Subject Property and surrounding environment;
b. Entering judgment against Exxon, pursuant to state common law, finding that Exxon is liable for indemnifying Singh for cleanup costs, response costs and damages incurred, or to be incurred, by Singh in connection with the cleanup and/or removal of hazardous substances from the Subject Property and surrounding environment;
c. Entering judgment against Exxon, pursuant to state common law, finding that Exxon is liable for restitution to Singh for cleanup costs, response costs and damages incurred, or to be incurred, by Singh in connection with the cleanup and/or removal of hazardous substances from the Subject Property and surrounding environment;
d. Entering judgment against Exxon, pursuant to state common law, finding that Exxon has been unjustly enriched and, therefore, is liable to Singh for cleanup costs, response costs and damages incurred, or to be incurred, by Singh in connection with the cleanup and/or removal of hazardous substances from the Subject Property;
e. Entering judgment against Exxon, pursuant to state common law, finding that Exxon is liable for negligence, and, therefore, is liable to Singh for cleanup costs, response costs and damages incurred, or to be incurred, by Singh in connection with the cleanup and/or removal of hazardous substances from the Subject Property;
f. Entry by this Court of an injunction compelling Exxon to arrange and pay for the investigation and remediation of the Subject Property and surrounding environment by undertaking any investigation and cleanup activities as are required hereinafter, and by compensating Singh for the cost of investigating and cleaning up the contamination at the Subject Property and surrounding environment;
g. Awarding Singh punitive damages;
h. Awarding Singh interest, costs of suit, and expert witness and attorneys' fees incurred in connection with prosecuting this action; and
i. Such other and further relief as the Court deems just and proper

## COUNT V
## Restitution and Unjust Enrichment

48. Plaintiffs incorporate each of the preceding paragraphs as if set forth fully herein.

49. Singh is potentially liable to third-parties, including, but not limited to, the State of New Jersey, for the harm to the Subject Property and surrounding environment caused by the discharge of hazardous substances by Exxon and/or its employees or agents.

50. The costs incurred by Singh with respect to the investigation and remediation of contamination of the Subject Property have conferred a benefit upon Exxon to the extent that it

has been shielded from, or relieved of, liabilities to third-parties.

51. Exxon is therefore liable to Singh for expenses Singh has incurred, and will continue to incur, to investigate and remediate the contamination of the Subject Property and surrounding environment and for additional consequential damages.

WHEREFORE, Singh demands judgment against Exxon on this Fifth Count of the Complaint, as follows:

a. Entry by this Court of an Order declaring that Exxon is liable to Singh for all costs incurred, or to be incurred, in connection with the cleanup and/or removal of hazardous substances from the Subject Property and surrounding environment;
b. Entering judgment against Exxon, pursuant to state common law, finding that Exxon is liable for indemnifying Singh for cleanup costs, response costs and damages incurred, or to be incurred, by Singh in connection with the cleanup and/or removal of hazardous substances from the Subject Property and surrounding environment;
c. Entering judgment against Exxon, pursuant to state common law, finding that Exxon is liable for restitution to Singh for cleanup costs, response costs and damages incurred, or to be incurred, by Singh in connection with the cleanup and/or removal of hazardous substances from the Subject Property and surrounding environment;
d. Entering judgment against Exxon, pursuant to state common law, finding that Exxon has been unjustly enriched and, therefore, is liable to Singh for cleanup costs, response costs and damages incurred, or to be incurred, by Singh in connection with the cleanup and/or removal of hazardous substances from the Subject Property;
e. Entering judgment against Exxon, pursuant to state common law, finding that Exxon is liable for negligence, and, therefore, is liable to Singh for cleanup costs, response costs and damages incurred, or to be incurred, by Singh in connection with the cleanup and/or removal of hazardous substances from the Subject Property;
f. Entry by this Court of an injunction compelling Exxon to arrange and pay for the investigation and remediation of the Subject Property and surrounding environment by undertaking any investigation and cleanup activities as are required hereinafter, and by compensating Singh for the cost of investigating and cleaning up the contamination at the Subject Property and surrounding environment;
g. Awarding Singh punitive damages;
h. Awarding Singh interest, costs of suit, and expert witness and attorneys' fees incurred in connection with prosecuting this action; and
i. Such other relief that the Court deems just and proper.

Dated: January 31, 2025

**THE MILUN LAW FIRM, LLC**
*Attorneys for Plaintiff*

By: _____
RYAN MILUN

## DESIGNATION OF TRIAL COUNSEL

Singh hereby designates Ryan Milun of The Milun Law Firm, LLC as its trial counsel in this case to the extent a trial may be necessary.

Dated: January 31, 2025

**THE MILUN LAW FIRM, LLC**
*Attorneys for Plaintiff*

By: _____
RYAN MILUN

## JURY DEMAND

Singh hereby demands a trial by jury on all issues so triable as of right.

Dated: January 31, 2025

**THE MILUN LAW FIRM, LLC**
*Attorneys for Plaintiff*

By: _____
RYAN MILUN

## R. 4:5-1 CERTIFICATION

RYAN MILUN, of full age, certifies as follows:

      1.      I am a member of the Bar of the State of New Jersey, and I am counsel with The Milun Law Firm, LLC, the attorneys for plaintiffs in this action.

      2.      To the best of my knowledge, information and belief, except as indicated in this paragraph, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no such action or arbitration proceeding is contemplated: N/A

      3.      Except as indicated in this paragraph, I am aware of no non-party who should be joined in this action or who is subject to joinder because of potential liability to any party on the basis of the same transactional facts: N/A.

      I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: January 31, 2025

                                                                  _____
                                                                   RYAN MILUN

# Civil Case Information Statement

**Case Details: BURLINGTON | Civil Part Docket# L-000256-25**

**Case Caption:** SINGH SARABJIT VS EXXONMOBIL CORPORATI ON
**Case Initiation Date:** 01/31/2025
**Attorney Name:** RYAN MILUN
**Firm Name:** THE MILUN LAW FIRM, LLC
**Address:** 20 COMMERCE DR STE 135 CRANFORD NJ 07016
**Phone:** 8627025011
**Name of Party:** PLAINTIFF : Singh, Sarabjit
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Sarabjit Singh?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
*CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION*

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/31/2025                                                                                                      /s/ RYAN MILUN
Dated                                                                                                                  Signed

```
BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY          NJ 08060
                                            TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 288-9500
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:    JANUARY 31, 2025
                        RE:      SINGH SARABJIT   VS EXXONMOBIL CORPORATI ON
                        DOCKET:  BUR L -000256 25

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE MANAGING JUDGE ASSIGNED IS:  HON JAMES J. FERRELLI

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    003
AT:  (609) 288-9500 EXT 38618.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                    ATT: RYAN MILUN
                                    THE MILUN LAW FIRM, LLC
                                    20 COMMERCE DR
                                    STE 135
                                    CRANFORD          NJ 07016


ECOURTS
```

 

*783239*

**Lexitas**
3700 W 15th St Ste 301D
Plano, TX 75075
(469)784-9000

## Superior Court of New Jersey, Law Division: Bergen County

**STATE OF NEW JERSEY**
**COUNTY OF BERGEN**

SARABJIT SINGH                                         AFFIDAVIT OF SERVICE
vs.                                                    **Case No. BUR-L-256-25**
EXXON MOBIL CORPORATION

_____

I, Ryan Schedler, declare that on 04/01/2025 at 12:16 PM I served the attached CERTIFICATION PURSUANT TO R.4:5-1; CIVIL CASE INFORMATION STATEMENT; SUMMONS, COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL upon **EXXON MOBIL CORPORATION, defendant(s)**, by handing to and leaving with Neisha Gross, Authorized Representative, stated authorized to accept, at C/O Corporation Service Company 211 East 7th Street, Suite 620 , Austin, 78701 in the County of Travis, State of .

Additional Comments: N/A

Description of Person Accepting Service:

Gender: **Female** Hair: **Black** Age: **40** Height: **5ft 10in** Weight: **160**

I, Ryan Schedler, declare under penalty of perjury that
everything I have stated in this document is true and correct.

Executed in Travis County, State of Texas on 04/07/2025.

Client: Lexitas (TX)
Client File: 23786286

X_____*Ryan F. Schedler*_____
Declarant